UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LUTHER BECK,

        Plaintiff,

v.

Case No. 06-C-1159

MATTHEW FRANK, et al,,

        Defendant.

## SCREENING ORDER

Plaintiff Luther Beck, a state prisoner serving a sentence at Racine Correctional Institution (RCI), filed this pro se civil rights action seeking relief under 42 U.S.C. § 1983. Beck has paid the full filing fee and thus is not seeking to proceed *in forma pauperis*. Because he seeks redress from officers or employees of a governmental entity, however, the court is nevertheless required to screen his complaint. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). With these standards in mind, I now turn to the allegations of plaintiff's complaint.

The plaintiff has named as defendants in this case Matthew Frank, Secretary of the Wisconsin Department of Corrections; Robert Humphreys, Warden of RCI; Nancy Padgett, an inmate Complaint Examiner; Susan Nygren of the prison Health Services Unit (HSU); and Drs. Cox and Dr. Krashin, who are apparently prison doctors. Beck claims that the defendants have violated his constitutional rights by treating his urgent need for an angiogram and MRI with deliberate indifference. More specifically, he alleges he has chest pains, difficulty breathing, a urinary tract infection, and is unable to walk to HSU. On October 6, 2006, Dr. Jonathon C. Makielski "ordered" that he get an angiogram and an MRI immediately because of his deteriorating medical condition. Beck alleges that the defendants are aware of his urgent need for medical treatment, but have acted with deliberate indifference and refused to provide him the care and treatment he needs. Based upon the foregoing allegations, Beck seeks an injunction ordering his immediate transfer to a hospital for surgery, compensatory damages of $250,000 and $5 million in punitive damages.

Deliberate indifference on the part of prison officials to serious medical needs of prisoners constitutes cruel and unusual punishment proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Reading the allegations of his complaint liberally, I conclude that Beck has stated an Eighth Amendment claim, although the basis of liability against the individuals named as defendants is not clear. Secretary Frank and Warden Humphreys may be appropriate defendants in the event injunctive relief is ordered. In addition, Drs. Cox and Krashin and Ms. Nygren of the HSU are apparently involved in providing health care to prisoners and Ms. Padgett reviewed Beck's grievance over the failure to provide him medical care. The complaint alleges each of the defendants have ignored his repeated written requests to be taken to the hospital. (Compl. at 6.) Based on the record before me, I am unable to say that under no set of circumstances could the defendants be liable. Accordingly, Beck may proceed with his claim and the Marshal will effect service.

Beck also seeks an immediate transfer to a hospital. To the extent this is a request for *ex parte* relief on an emergency basis, it is denied. Although I have concluded the Beck's complaint states a claim, it does not establish a likelihood of success on the merits sufficient to warrant such relief. Beck alleges that another doctor has ordered certain tests, but he has not provided a copy of the order. The tests he claims were ordered appear to be diagnostic tests, not life-saving treatment. Moreover, it appears that other doctors have been involved in his care and treatment. If the case involves no more than a disagreement between health care professionals over what care is appropriate, then Beck is clearly not entitled to federal relief.

**IT IS THEREFORE ORDERED** that plaintiff's request for immediate relief is denied;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the

complaint, a waiver of service form and/or the summons, and this order upon the defendant pursuant to Fed. R. Civ. P. 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R. § 0.114(a)(2), (a)(3).

**IT IS ORDERED** that the defendants shall file a responsive pleading to the plaintiff's complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s). Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in § 1915A precludes a defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the defendant disagrees with my

4

analysis or believes I have overlooked something during my screening.

Dated this  14th  day of November, 2006.

                                             s/ William C. Griesbach
                                             William C. Griesbach
                                             United States District Judge