UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LUTHER BECK,

        Plaintiff,

 v.                                               Case No. 06-C-1159

MATTHEW FRANK, et al.,

        Defendants.

**DECISION AND ORDER**

Defendants have moved to dismiss on the grounds that the plaintiff, an inmate at the Racine Correctional Institution, failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a). Plaintiff has not responded either to the motion of defendant Krashin or the more recent motion filed by the state defendants. I further note that the plaintiff has not followed through on his request for the appointment of counsel by filing a statement of his assets with the court.[1]

As set forth in the screening order, the plaintiff's claim for deliberate indifference alleges that Dr. Krashin and other defendants failed to follow the October 6, 2006 order of a Dr. Makielski to take the plaintiff to the hospital to receive treatment and an angiogram. The motions to dismiss are based on Beck's failure to exhaust. Under the Prisoner Litigation Reform Act (PLRA), ""No action shall be brought with respect to prison conditions under section 1983 of this title, or any other

---

[1] Plaintiff did recently renew his motion for appointment of counsel, however.

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

As noted, the claim brought in this case alleges that the defendants were deliberately indifferent to Beck's health needs when they ignored the order of Dr. Makielski to provide him certain treatment. Although the plaintiff did file an appeal (Padgett Aff., Ex. 1004) in which he raises that deliberate indifference claim, it is unclear whether he actually raised this matter in an original offender complaint. The only inmate complaints in the record either predate Dr. Makielski's order, make generalized demands for information, or state that the plaintiff is in pain. One complaint, filed on October 10, 2002, does allege that he was not receiving the treatment that he knew was prescribed in a physician visit in Madison on October 2. (Padgett Aff., Ex. 1002 at 2.) But it is not clear that such treatment is the same treatment that underlies this lawsuit (stemming from an October 6 physician visit). Thus, it is not clear that Beck ever brought an inmate complaint regarding the deliberate indifference claim he now brings.

Even taking a broad view of Beck's inmate complaints, any relevant complaints were returned to him for failure to comply with administrative rules. (Padgett Aff., Ex. 1004, 1005.) Specifically, any complaints he filed contemporaneous with the facts underlying his present claim were returned to him because he did not first attempt to resolve the matter with the appropriate HSU official. *See* Wis. Admin. Code § DOC 310.09(4) ("Prior to accepting the complaint, the ICE may direct the inmate to attempt to resolve the issue.") That is, his complaints were never rejected on their merits, meaning that the state never "denied" his complaint. Moreover, in returning an October 10 complaint to Beck, the examiner noted that he was scheduled for a physician visit that same day (October 11). (Padgett Aff., Ex. 1003.) According to the Seventh Circuit, "unless the

2

prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry,* 286 F.3d 1022, 1023 (7th Cir. 2002). In order to exhaust, a prisoner "must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir.2004) (emphasis added). The requirement (enforced at the DOC's option) that an inmate first attempt to resolve his issue informally is a sensible administrative requirement, especially when medical treatment is at issue – it makes far more sense to first bring the matter to a medical official's attention than it does to go straight to a complaint examiner. This is especially true in light of the give-and-take that was going on between Beck and his treatment providers and his frequent medical visits during that time period. If Beck believed he was due a particular course of treatment, he should have raised that complaint with the appropriate medical official. If that person disagreed, then Beck could proceed formally by bringing a new offender complaint and having it reviewed by the examiner. Here, however, Beck did no such thing. Beck's failure to follow through with his inmate complaints deprived the state of any meaningful chance to address his claims in the first instance, which is the point of the exhaustion requirement. Because "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies," *Pozo,* 286 F.3d at 1024, the complaint is dismissed.

**SO ORDERED** this   19th   day of July, 2007.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

3